| | |
|---|---|
| 1 | Stephanie Van Marter |
| | Acting United States Attorney |
| 2 | Eastern District of Washington |
| | Laurel J. Holland |
| 3 | Assistant United States Attorney |
| | 825 Jadwin Ave., Suite G-60 |
| 4 | Richland, WA 99352 |
| | Telephone: (509) 713-8450 |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | Case No. 4:25-CR-06024-MKD |
| Plaintiff, | | |
| v. | | STIPULATION REGARDING COMPUTER FORENSIC REVIEW PROCEDURES FOR CHILD PORNOGRAPHY CONTRABAND |
| STEVEN MICHAEL DIAZ, | | |
| Defendant. | | |
| | | Date: July 8, 2025 at 6:30pm |
| | | Without Oral Argument |
| | | EXPEDITED HEARING REQUESTED |

Plaintiff United States of America, by and through Stephanie Van Marter, Acting United States Attorney for the Eastern District of Washington, and Laurel J. Holland, Assistant United States Attorney for the Eastern District of Washington, and Defendant Steven Michael Diaz ("Defendant"), through his counsel of record, Federal Defender, Jennifer R. Barnes, enter the following stipulation regarding the need for a Protective Order that will encompass computer forensic review procedures for child pornography contraband in the above-captioned case.

STIPULATION REGARDING CHILD PORNOGRAPHY FORENSIC REVIEW - 1

1    Defendant is charged with Distribution of Child Pornography (Count 1), in
2    violation of 18 U.S.C. § 2252A(a)(2), (b)(1), Receipt of Child Pornography (Count
3    2), in violation of 18 U.S.C. § 2252A(a)(2), (b)(1), and Possession of Child
4    Pornography (Count 3), in violation of  18 U.S.C. § 2252A(a)(5)(B). ECF No. 1.
5    Pursuant to 18 U.S.C. § 3509(m), courts are required to deny defense
6    requests to copy, photograph, duplicate, or otherwise reproduce material
7    constituting child pornography if the government makes the material reasonably
8    available to Defendant and provides ample opportunity for the defense to examine
9    it at a government facility.  18 U.S.C. § 3509(m).  The government and Defendant
10   hereby request that the Court issue the proposed stipulated Protective Order to
11   establish forensic review procedures under 18 U.S.C. § 3509(m).
12   The government and Defendant stipulate and agree to the following.
13   The government represents that, given the nature of the allegations in this
14   case, the discovery in this matter includes child pornography contraband image and
15   video files recovered from a variety of electronic devices seized from Defendant
16   and/or Defendant's residence.  As this case involves child pornography, as defined
17   by 18 U.S.C. § 2256, the Adam Walsh Child Protection and Safety Act of 2006
18   (hereinafter "the Act") applies. Under 18 U.S.C. § 3509(m),
19      (1) In any criminal proceeding, any property or material that constitutes
20          child pornography (as defined by section 2256 of this title) shall
            remain in the care, custody, and control of either the government or
            the court.
21

STIPULATION REGARDING CHILD PORNOGRAPHY FORENSIC REVIEW - 2

      (2)(A) Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photography, duplicate, or otherwise reproduce any property or material that constitutes child pornography (as defined by section 2256 of this title), so long as the government makes the property or material reasonably available to the defendant.

      (B) For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the government provides ample opportunity for inspection, viewing, and examination at a government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

18 U.S.C. § 3509(m).

In the Act, Congress highlighted the "importance of protecting children from repeat exploitation," including that:

      (D) Every instance of viewing images of child pornography represents a renewed violation of the privacy of the victims and a repetition of their abuse.

      (E) Child pornography constitutes prima facie contraband, and as such should not be distributed to, or copied by, child pornography defendants or their attorneys.

      (F) It is imperative to prohibit the reproduction of child pornography in criminal cases so as to avoid repeated violation and abuse of victims, so long as the government makes reasonable accommodations for the inspection, viewing, and examination of such material for the purposes of mounting a criminal defense.

Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248 (H.R. 4472), 120 Stat. 587, at § 501.

STIPULATION REGARDING CHILD PORNOGRAPHY FORENSIC REVIEW - 3

The proposed Protective Order seeks to provide Defendant "ample opportunity" to review contraband discovery in order to prepare a defense while remaining compliant with the obligations imposed by the Act. In order to comply with § 3509(m), and to allow Defendant the greatest opportunity to prepare an effective defense in preparation for trial, the government will make a true forensic, bit-by-bit E01 image of devices and media containing alleged child pornography contraband at issue in the above-referenced case. The government will make that forensic image reasonably available to Defendant and provide ample opportunity for the defense team[1] to examine it at a government facility in Spokane, Washington.

The United States and/or Defendant may readdress the Court if there is a need for additional or after-hours access during the course of litigation in the event trial or motion hearings require further forensic review.

Any defense forensic examination will be conducted in an interview room monitored by closed-circuit television ("CC-TV"), without audio feed. While the TV with non-audio feed will ensure the integrity of government agency space and the security of its occupants, the video feed is not of sufficient detail or at an angle

---

[1] For purposes of this motion and proposed Protective Order, the term "defense team" refers solely to Defendant's counsel of record, Jennifer R. Barnes ("defense counsel"), Defendant's designated expert(s) ("defense expert(s)"), and a defense investigator. Defendant and defense counsel represent that the defense team agrees to be bound by the terms and conditions of this stipulation and order.

STIPULATION REGARDING CHILD PORNOGRAPHY FORENSIC REVIEW - 4

1 that would reveal defense strategy.  The government and its agents expressly agree
2 that no attempt will be made to record any audio from the workstation and that no
3 attempt will be made to observe the defense team's work product or computer
4 monitor screen at any time.  The defense expert may review the feed to ensure that
5 defense strategy is not being compromised at any time while conducting the
6 forensic review.  Similar procedures requiring review through a government
7 agency have been repeatedly upheld as satisfying the Act.  *See United States v.*
8 *Wright*, 625 F.3d 583, 617 (9th Cir. 2010) (finding that defendant was provided an
9 "ample opportunity" to review the discovery where defendant "was permitted to
10 access the hard drive for a period of fourteen months in a secure location within the
11 U.S. Attorney's Office").

12    The defense team shall not make, nor permit to be made, any copies of the
13 alleged child pornography contraband pursuant to this stipulation and order and
14 shall not remove any contraband images from the government facility.  The
15 defense expert will be allowed to copy any file that is not contraband and compile
16 a report (without contraband images/videos) documenting the examination on
17 removable media at the discretion of the defense expert.

18    The defense expert will leave any equipment, including hard drives, which
19 contain contraband child pornography as a result of any forensic evaluation
20 conducted in this matter at the government facility.  The parties may readdress this
21

matter with the Court upon notice that the defense intends to retain a different defense expert.

For the purpose of trial, the government agrees to make available to the defense a digital copy of any government trial exhibit that contains contraband, which will be kept in the custody and control of the case agent. Upon reasonable notice by the defense, the case agent will also maintain for trial digital copies of any proposed defense exhibit that contains contraband. If the defense team intends to offer, publish, or otherwise utilize any government or defense exhibit containing contraband or suspected contraband on the digital copy maintained by the case agent during trial, the case agent shall assist the defense team in publishing or utilizing the exhibit that contains contraband upon notification by the defense team.

The government and Defendant respectfully request that the Court enter the Proposed Stipulated Protective Order Re: Computer Forensic Review Procedures for Child Pornography Contraband, filed contemporaneously herewith.

IT IS SO STIPULATED.

Dated: July 7, 2025

Stephanie Van Marter
Acting United States Attorney

*/s/ Laurel J. Holland*
Laurel J. Holland
Assistant United States Attorney

Dated: July 7, 2025

*/s/ Jennifer R.Barnes (via email/phone)*
Jennifer R. Barnes
Federal Defender
Attorney for Defendant

STIPULATION REGARDING CHILD PORNOGRAPHY FORENSIC REVIEW - 7